**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 110749

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News,<br><br>Plaintiff,<br><br>vs.<br><br>Cumulus Media Inc.<br><br>Defendant. | Docket No:<br><br>**COMPLAINT** |

BWP Media USA Inc. d/b/a Pacific Coast News ("*BWP*") (hereinafter "*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Cumulus Media Inc. (hereinafter "*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs featuring celebrities which they license to online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendant owns and operate websites known as krbe.com and wkhx.com (the websites are collectively referred to herein as the "*Websites*") and, without permission or authorization from Plaintiff actively copied, stored, and displayed Plaintiff's photographs on the

1

Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

3. Plaintiff is a Delaware Corporation and maintains its principal place of business in Los Angeles County, California.

4. On information and belief, Defendant is a Georgia Corporation with a principal place of business in Fulton County, Georgia.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

6. This Court has personal jurisdiction over Defendant Cumulus Media, Inc. because it purposely directs substantial activities at the residents of New York by means of the Websites and has registered to do business in the state. This Court therefore has personal jurisdiction over the Defendant under the applicable long-arm jurisdictional statutes of New York.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because Cumulus Media, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff is the legal and rightful owner of photographs which it licenses to online and print publications.

9. Plaintiff has invested significant time and money in building its photograph portfolios.

10. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of its photographs while many others are the subject of pending copyright applications.

11. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

7. Defendant and/or its subsidiaries are the registered owner of the Websites and is

2

responsible for their content.

8. The Websites are popular and lucrative enterprises that purposefully display celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

9. The Websites are monetized in that they contain paid advertisements and/or sell merchandise to the public and, on information and belief, Defendant profits from these activities.

10. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Websites.

11. On information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on their copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

12. As is set forth more fully in Exhibit "1", each Infringement contains the Uniform Resource Locator ("*URL*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

13. Each Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Websites.

14. Each Infringement constitutes a separate and distinct act of infringement by Defendant.

15. On information and belief, Defendant takes an active and pervasive role in the content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

16. On information and belief, Defendant employed Tyler Frye in March 2016.

17. On information and belief, Tyler Frye was an agent of Defendant in March 2016.

18. On information and belief, Defendant contracted with Tyler Frye in March 2016.

19. At all material times hereto the Tyler Frye was acting within the course and scope of their employment.

20. At all material times hereto the Tyler Frye was acting within the course and scope of their agency.

21. On information and belief, Defendant has not registered the Website with the United States Copyright Office pursuant to 17 U.S.C. §512.

22. On information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

23. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

24. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

25. On information and belief, Defendant's created participated and commented on "threads" or postings that encouraged members to post copyrighted photographs, including Plaintiff's Photographs.

26. On information and belief, Defendant's actively reviewed, monitored, commented, deleted and "cleaned" postings and threads containing Plaintiff's Photographs.

27. On information and belief, the Photographs are readily identifiable as copyright protected as the vast majority of the photographs on the Website contain a copyright watermark on the image, thereby making their infringement willful as a matter of law.

28. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

29. On information and belief, Defendant's had complete control over and actively reviewed and monitored the content posted on the Website.

30. On information and belief, Defendant monitors the content on its Websites.

31. On information and belief, Defendant's actively review, modify and delete or "cleaned" postings and threads.

32. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Websites had increased traffic to the and, in turn, realized an increase their advertising revenues and/or merchandise sales.

4

33. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

34. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

35. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

36. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

37. The Photographs are original, creative works in which Plaintiff owns valid copyrights properly registered with the United States Copyright Office.

38. Plaintiff has not licensed Defendants the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendants.

39. Without permission or authorization from Plaintiff and in willful violation of its rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

40. Defendant's reproduction of the Photographs and display of the Photographs on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

41. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### (Vicarious Copyright Infringement)

42. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

43. At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents and members, and declined to exercise the right and ability to supervise or control that infringing

5

conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

44. For example, on information and belief, Defendant had the practicable ability to police the images on the Websites when its Employees edited, modified and/or interacted with the Photographs, and therefore had the right and ability to supervise and control the infringing Photographs.

45. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members have continued to infringe upon Plaintiff's Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

46. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, Employees and agents from, inter alia, advertising revenue from the increased traffic to its Websites and from increase in fees paid by sponsors.

47. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue.

48. Accordingly, Defendant is liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

49. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
*(Contributory Copyright Infringement)*

50. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

51. On information and belief, the Photographs displayed on www.wkhx.com were not stored directly on the Defendants servers.

52. On information and belief, the Photographs on www.whkx.com were displayed on the Websites by means of hyperlinking which entails computer instructions identifying the

electronic location of where the Photographs were stored and how to display them.

53. The Photographs, at their storage location, were stored there without permission or authorization from Plaintiff in willful violation of their rights under 17 U.S.C. §106.

54. The Photographs, at their storage location, were improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed thereby violating one of Plaintiff's exclusive rights in its copyrights.

55. Defendants herein have caused enabled, facilitated and materially contributed to the Infringements complained of herein by, providing the tools and instruction for infringement via their Websites and have directly and indirectly promoted the Infringements and refused to exercise their ability to stop the Infringements made possible by their distribution.

56. Defendants are liable as contributory infringers since they had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct.

57. Defendants' contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff

58. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    d.      Plaintiff's costs; together with

    e.      Such other relief that the Court determines is just and proper.

DATED: June 8, 2017

**SANDERS LAW, PLLC**

By:   */s/ Craig B. Sanders*
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.: 110749